IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>            Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>            Defendant. | CASE NO. 6:20-cv-01020<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

### I.   NATURE OF ACTION

1.  This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2.  Brazos is the owner of all rights, title, and interest in and to US Patent No. 8,774,790 (the "'790 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3.  Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use of its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II.   THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products that infringe the Asserted Patent, defined below.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

4

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 8,774,790

16. Brazos re-alleges and incorporates by reference the preceding paragraphs 1-15 of this Complaint.

17. On July 8, 2014, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 8,774,790, entitled "Method and apparatus for improving wireless network reliability."

18. Brazos is the owner of all rights, title, and interest in and to the '790 Patent, including the right to assert all causes of action arising under the '790 Patent and the right to any remedies for the infringement of the '790 Patent.

19. For example, claim 1 of the '790 Patent states:

> A method, comprising:
>
> at a base station element, in response to an indication of a failure condition associated with another base station element serving a plurality of wireless terminals, performing a self-reconfiguration according to a reconfiguration solution;
>
> said reconfiguration solution adapted to reconfigure the base station element to serve a portion of the plurality of wireless terminals, wherein the reconfiguration solution depends on a type of the failure condition;
>
> at the base station element, upon completion of the self-reconfiguration, initiating communication with each of the portion of wireless terminals to provide thereby a respective continuity of service.

20. TP-Link's Accused Products meet every limitation of claim 1 of the '790 Patent, as well as other claims of the '790 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable

5

Modems, wireless routers, ADSL, range extenders, routers and switches, and other devices like IP cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products capable of reconfiguring a wireless base station to serve wireless terminals served by another base station in response to detection of a failure at the other base station, including but not limited to TP-Link Deco M4 and products that operate in a substantially similar manner (collectively, the "Accused Products").

23. The Accused Products provide features (e.g., Self-Healing) that automatically detect failures in a base station and reconfigure a different base station to serve the wireless terminals served by the failed base station according to a reconfiguration solution.

24. For example, the TP Link Deco M4 "uses a system of units" "with advanced Deco Mesh Technology" that "work together to form a unified network with a single network name." "Devices automatically switch between Decos as you move throughout your home for the fastest possible speeds."[1]

25. TP-Link encourages its users to use this functionality as follows:

---

[1] https://www.tp-link.com/baltic/home-networking/deco/deco-m4/ at 1.

## AC1200 Whole Home Mesh Wi-Fi System
### Deco M4

- Deco uses a system of units to achieve seamless whole-home Wi-Fi coverage — eliminate weak signal areas once and for all!
- With advanced Deco Mesh Technology, units work together to form a unified network with a single network name. Devices automatically switch between Decos as you move through your home for the fastest possible speeds.
- A Deco M4 three-pack delivers Wi-Fi to an area of up to 4,000 square feet (EU version)†. And if that's not enough, simply add more Decos to the network anytime to increase coverage.
- Deco M4 provides fast and stable connections with speeds of up to 1167 Mbps† and works with major internet service provider (ISP) and modem.
- Deco can handle traffic from even the busiest of networks, providing lag-free connections for up to 100 devices†.
- Parental Controls limits online time and block inappropriate websites according to unique profiles created for each family member.
- Setup is easier than ever with the Deco app there to walk you through every step.

[2]

26. TP-Link encourages and instructs users to configure the Accused Products in an infringing manner:



[3]

---

[2] *See id.*
[3] https://www.tp-link.com/baltic/home-networking/deco/deco-m4/, Page 4

7

27. The TP Link Deco M4 is capable of "Self-Healing." "Even if one of your Deco units loses power or is disrupted, Deco will adapt and reroute your traffic to keep you streaming and gaming."[4]

28. The Accused Products are capable of implementing a reconfiguration solution that is adapted to reconfigure a base station to serve wireless terminals served by a failed base station depending upon the type of failure at the failed base station.

29. For example, "[i]f there's a bandwidth bottleneck or a hang-up on an existing connections, the network switches access points to continue delivering optimal performance."[5]

30. Upon completion of the reconfiguration, the Accused Products are capable of initiating communication with wireless terminals previously served by a failed base station, providing continuity of service.

31. For example, the self-healing capabilities of the TP Link Deco M4 ensure that wireless devices (terminals) are always connected to the network[6]:



---

[4] https://www.tp-link.com/us/deco-mesh-wifi/#deco-how-it-works at 3.
[5] https://service-provider.tp-link.com/insights/10/ at 2.
[6] https://www.tp-link.com/us/mesh-wifi/ at 11.

32. TP-Link instructs users of the Accused Products about how to configure the Accused Products to automatically detect failures in a base station and reconfigure a different base station to serve the wireless terminals served by the failed base station according to a reconfiguration solution.[7]

33. TP-Link has received notice and actual or constructive knowledge of its infringement of the '790 Patent no later than the date of service of this Complaint.

34. Since at least the date of service of this Complaint, through its actions, TP-Link has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '790 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include web advertising and user guides.[8]

35. TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '790 Patent. TP-Link's inducement is ongoing.

36. Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '790 Patent in an amount adequate to compensate for TP-Link's infringement, but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

---

[7] https://static.tp-link.com/2020/202008/20200805/1910012652_Deco%20M4&M3_UG_V1.pdf at 3 – 4; https://www.tp-link.com/us/support/download/deco-m4/ [Set-Up Video].

[8] https://static.tp-link.com/2020/202008/20200805/1910012652_Deco%20M4&M3_UG_V1.pdf at 3 – 4; https://www.tp-link.com/us/support/download/deco-m4/ [Set-Up Video].

37. Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

38. Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '790 Patent.

## IV.   JURY DEMAND

39. Plaintiff Brazos hereby demands a jury on all issues so triable.

## V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a) enter judgment that TP-Link infringes one or more claims of the '790 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '790 Patent;

(c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '790 Patent;

(d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '790 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020          Respectfully submitted,

By:    /s/ *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
**THE MORT LAW FIRM, PLLC**
100 Congress Avenue
Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 677-6825
Email: raymort@austinlaw.com

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**